**Elizabeth S. MORRIS, gal, Thomas Lee a minor child by and through his guardian, his natural parents; Ronald J. Morris, Sr., gal, Thomas Lee a minor child by and through his guardian, his natural parents, Plaintiffs–Appellants,**

v.

**TANNER, Judge, Judge of the Confederated Salish and Kootenai Indian Tribal Court for the Flathead Reservation, Defendant–Appellee.**

No. 99–36007.

D.C. No. CV–99–82–DWM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted on March 8, 2001.

Decided July 24, 2001.

Before PREGERSON, THOMAS, and GOULD, Circuit Judges.

MEMORANDUM *

Plaintiff-appellant Thomas Lee Morris ("Morris"), by and through his guardians and natural parents, Elizabeth S. Morris and Ronald J. Morris, Sr., brings this declaratory and injunctive relief action challenging the constitutionality of the 1990 amendments to the Indian Civil Rights Act ("ICRA") (hereinafter referred to as the "1990 amendments" or the "1990 ICRA amendments").

Morris is an enrolled member of the Minnesota Chippewa Tribe, Leech Lake Reservation, Minnesota. He is not a member of the Confederated Salish & Kootenai Tribes of the Flathead Reservation (the "Confederated Tribes"). On June 13, 1999, Morris was driving a car near Ronan, Montana, within the territory of the Confederated Tribes, when a Ronan City Police officer cited Morris for speeding and ordered him to appear in the Flathead Reservation Tribal Court ("Tribal Court"). Morris appeared in the Tribal Court, en-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tered a plea of not guilty, and filed a motion to dismiss the complaint against him. His motion was denied by the defendant, Judge Tanner, of the Confederated Tribes.

Morris next filed the present action in federal district court, seeking a declaration that the Confederated Tribes lack criminal jurisdiction over him because he is an Indian who is a member of another tribe (a "non-member Indian"). Morris also seeks an injunction prohibiting the Confederated Tribes from continuing to exercise criminal jurisdiction over him in light of his nonmember Indian status.

The district court dismissed Morris's complaint on the ground that the 1990 ICRA amendments permit tribes to exercise criminal jurisdiction over non-member Indians. In so ruling, the district court did not address Morris's allegations in the complaint that the 1990 amendments violate the equal protection component implicit in the Due Process Clause of the Fifth Amendment, and the principle of separation of powers. Morris timely appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we reverse.

## I.

### The District Court Erred In Granting Defendant's Motion to Dismiss Without Addressing the Constitutional Issues Raised in the Complaint

■ As set forth above, in granting the defendant's motion to dismiss, the district

court found only that the 1990 amendments permit the Confederated Tribes to exercise criminal jurisdiction over non-member Indians such as Morris. The district court did not address Morris's assertions in the complaint that the 1990 amendments themselves are constitutionally infirm, because they violate his right to equal protection and the principle of separation of powers.[1]

■ The fact that the district court erred in dismissing the complaint without addressing the alleged constitutional violations, however, does not mean that we must reverse the district court's decision granting the defendant's motion to dismiss. Under the law of this circuit, we may "affirm the district court's dismissal for failure to state a claim on any basis fairly supported by the record." *Kimes v. Stone*, 84 F.3d 1121, 1126 (1996) (citing *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 564 (9th Cir.1994)). Thus, we must consider whether the district court's decision dismissing Morris's complaint is otherwise supported by the record. If the record supports the dismissal of Morris's complaint, then the district court's error in failing to address Morris's constitutional claims was harmless.

## II.

### The District Court's Dismissal of Morris's Complaint Was Not Harmless Error

The defendant suggests two reasons why the district court's decision to dis-

---

**1.** Specifically, Morris's complaint includes four causes of action through which he seeks the following relief: (1) a declaration that the Tribal Court lacks inherent criminal jurisdiction over Morris, a non-member Indian; (2) a declaration that regardless of whether the Tribal Court's criminal jurisdiction over Morris derives from the 1990 amendments or federal common law, the exercise of that authority violates Morris's right to due process; (3) a declaration that regardless of whether the Tribal Court's criminal jurisdiction over

Morris derives from the 1990 amendments or federal common law, the exercise of that authority violates Morris's right to equal protection; and (4) a declaration that the 1990 amendments are unconstitutional because they violate the principle of separation of powers. In conjunction with each of these requests for declaratory relief, Morris also seeks an injunction prohibiting the Tribal Court from exercising criminal jurisdiction over him.

miss Morris's complaint amounts to harmless error. First, the defendant argues that under the ICRA, Morris may only challenge the constitutionality of the Confederated Tribes' exercise of criminal jurisdiction over him by means of a habeas petition rather than through the present action for declaratory and injunctive relief. Second, the defendant argues that Morris's constitutional claims lack merit because the Confederated Tribes' exercise of criminal jurisdiction over Morris is not subject to the constraints of the Constitution. Because both of these arguments lack merit, we find that the district court should have reached the merits of Morris's constitutional claims.

■ First, Morris may properly challenge the constitutionality of the 1990 amendments in the present suit for declaratory and injunctive relief. The defendant correctly notes that under the ICRA, 25 U.S.C. § 1303, a habeas petition is the "exclusive means for federal-court review of tribal criminal proceedings." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 67, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978) (interpreting 25 U.S.C. § 1303 to mean that there is no implied right of action in federal district court for declaratory and injunctive relief under the ICRA). However, Morris's case is framed not as a challenge to the jurisdiction of the tribal court, but rather as a challenge to an act of Congress. As Morris explains, "[t]he issue is not whether Tribes are subject to constitutional limitations and judicial review but whether Congress is."

By framing his argument as a challenge to an act of Congress, Morris avoids the remedial constraints of 25 U.S.C. § 1303. Although *Santa Clara Pueblo* held that under 25 U.S.C. § 1303 there is no implied right of action for declaratory and injunctive relief to enforce the substantive provisions of the ICRA, 436 U.S. at 51–52, 98 S.Ct. 1670, Morris does not bring this suit pursuant to the ICRA. Rather, this suit arises under the court's federal question jurisdiction to review the constitutionality of congressional legislation. *See* 28 U.S.C. § 1331. Therefore, 25 U.S.C. § 1303 does not prevent the district court from reaching the merits of Morris's constitutional claims.

■ The defendant's second argument—that Morris's constitutional claims lack merit because the Confederated Tribes' exercise of criminal jurisdiction over Morris is not subject to the constraints of the Constitution—is similarly unavailing. Under our recent decision in *United States v. Enas*, 2001 WL 726669 (9th Cir.2001), it is undisputed that the Confederated Tribes could not presently exercise criminal jurisdiction over Morris, a non-member Indian, in the absence of the 1990 amendments. The 1990 amendments may therefore be characterized as *enabling* the Confederated Tribes's exercise of criminal jurisdiction over Morris. This enabling legislation is subject to constitutional review and must comport with the equal protection component of the Fifth Amendment and the principle of separation of powers. Therefore, because Morris has framed his appeal as an attack on the constitutionality of the 1990 amendments rather than as an attack on the constitutionality of the Confederated Tribes's exercise of criminal jurisdiction, the district court must reach the merits of Morris's constitutional claims.

### III.

The Question Whether the 1990 ICRA Amendments Violate the Principles of Equal Protection and Separation of Powers is Remanded to the District Court to Consider in the First Instance

Because the district court dismissed Morris's complaint without addressing the

constitutional issues raised therein, we remand this matter to the district court to consider in the first instance whether the complaint adequately states a claim for relief. Thus, the district court must consider the question whether the 1990 ICRA amendments violate the equal protection component of the Fifth Amendment or the principle of separation of powers.

In considering whether the 1990 amendments violate the Fifth Amendment,[2] the district court should consider whether the term "Indian" as used in the 1990 amendments amounts to a political or racial classification. If the district court finds that the classification is racial, it should also consider whether the 1990 amendments satisfy strict scrutiny. If the district court finds that the classification is political, it should also consider whether the 1990 amendments satisfy rational basis review. The district court should further consider the reach of the 1990 amendments, and whether the amendments apply to "Indians" who are not enrolled in, or otherwise affiliated with, any tribe. In connection with these inquiries, the district court may wish to hold a hearing to further develop the factual record.

The district court should consider Morris's claim that the 1990 amendments violate the principle of separation of powers in light of our recent decision in *United States v. Enas*, 2001 WL 726669 (9th Cir. 2001).

### IV.

### Conclusion

For the reasons set forth above, the district court's decision granting the defendant's motion to dismiss for failure to state a claim is reversed, and the matter is remanded to the district court for further proceedings consistent with this disposition. The panel shall retain jurisdiction over this case.

REVERSED AND REMANDED.

---

2. It is not clear whether Morris's complaint includes a due process claim that is separate from his equal protection claim. The district court should also consider this issue on remand.

